**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer (9184)
225 Broadway, Suite 307
New York, New York 10007
Telephone: (212) 323-6980

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE APOLINARIO NAJERA LOPEZ

                                Plaintiff,

                                                                  COMPLAINT

   -against-

                                                                    ECF CASE

CRYSTAL CLEANERS INC. d/b/a
CRYSTAL DRY CLEANERS and YE
SHUNG, individually and JOHN DOES
1-25, said names being fictitious, being the
persons or entities in control of Defendant
Crystal Dry Cleaners, Inc.

                                Defendants.
------------------------------------------------------------------------X

       Plaintiff Jose Apolinario Najera Lopez ("Lopez" or "Plaintiff"), by his attorneys, The Law Offices of Jacob Aronauer, complaining of Crystal Cleaners Inc. d/b/a Crystal Dry Cleaners ("Crystal Dry Cleaners") and Ye Shung ("Shung") and John Does 1-25, said names being fictitious (collectively the "Defendants"), alleges the following:

### PRELIMINARY STATEMENT

1.    This is a civil action brought by Plaintiff to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Since January 2015 Lopez has worked as a deliveryman at Crystal Dry Cleaners owned and controlled by Ye Shung and by John Does 1-25, said names being fictitious (the "Doe Defendants").

2. Plaintiff brings this action to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL that occurred at Crystal Dry Cleaners owned and controlled by Shung and the Doe Defendants.

3. Plaintiff also brings this action under the Wage Theft Protection Act, for Shung and the Doe Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff seeks injunctive and declaratory relief against Shung and the Doe Defendants unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has jurisdiction over the New York state law claims under the principles of supplemental jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in the Bronx, New York.

9. Plaintiff has worked at Crystal Dry Cleaners from January 2015 until the present.

10. Plaintiff is currently employed at Crystal Dry Cleaners as a deliveryman.

11. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12. Defendant Crystal Cleaners, Inc. d/b/a Crystal Dry Cleaners ("Crystal Dry Cleaners") is a New York corporation with its principal place of business in Manhattan.

13. For approximately the last 5 years, Shung and the Doe Defendants have owned and maintained control of Crystal Dry Cleaners in New York, New York.

14. Ye Shung is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Crystal Dry Cleaners. Shung exercised and continued to exercise sufficient control over Crystal Dry Cleaners to be considered Plaintiff's employer under the FLSA and NYLL. At all times material hereto, Shung had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Crystal Dry Cleaners.

15. The Doe Defendants Defendant have exercised and continue to exercise sufficient control over Crystal Dry Cleaners to be considered Plaintiff's employer under the FLSA and NYLL. At all times material hereto, the Doe Defendants had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Crystal Dry Cleaners.

16. At all relevant times, each of the Defendants jointly employed Plaintiff.

17. At all relevant times, each Defendant had and has substantial control over Plaintiff's working conditions and the practices alleged herein.

18. Defendant Crystal Dry Cleaners accepts payment by both cash and credit card.

19. At all times relevant to this action, Crystal Dry Cleaners was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. Defendant Crystal Dry Cleaners has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## FACTS

**Plaintiff Najera Lopez's
Employment at Crystal Dry Cleaners**

21. From January 2015 through the present, Plaintiff has been employed, without interruption, as a deliveryman by Defendants.

22. In addition to making deliveries, Plaintiff's job duties also include folding clothes.

23. Throughout his employment with Defendants, Plaintiff has been scheduled to work more than 40 hours each week.

24. Throughout his employment with Defendants, Plaintiff has not been paid overtime. Rather, Plaintiff has only been paid for the first forty hours he works each week.

25. Throughout Plaintiff's employment, Defendants have not required Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

26. Throughout Plaintiff's employment, Defendants have paid Plaintiff each week for his prior week's work with an envelope filled with cash.

27. These envelopes do not contain any notation of the hours worked by Plaintiff.

28. In fact, throughout his employment, Defendants have never provided Plaintiff with any documentation as to his hours or his rate of pay.

**Plaintiff Najera Lopez's Work**
**Schedule and Salary at Crystal Dry Cleaners**

29. From January 2015 through the present, on behalf of Defendants, Plaintiff worked at Crystal Dry Cleaners Monday through Saturday.

30. Each day Plaintiff worked at Crystal Dry Cleaners from 7:30 a.m. to 7:00 p.m.

31. From January 2015 through March 2015, Plaintiff was paid $360 a week by Defendants.

32. From April 2015 through August 2015, Plaintiff was paid $380 a week by Defendants.

33. From September 2015 through the present, Plaintiff has been paid $420 a week by Defendants.

**Defendants' Violations of the Wage Theft Protection Act**

34. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

35. Throughout the relevant time period, Defendants have paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

36. Plaintiff has never been given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL section 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Throughout the relevant time period, Plaintiff has worked in excess of forty (40) hours per work week.

39. At all relevant times throughout his employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

40. At all relevant times throughout Plaintiff's employment, Defendants have willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

41. Defendants' decision not to pay overtime is willful.

42. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

43. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

44. At all times relevant to this action, Plaintiff has been employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

45. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

46. Defendants' failure to pay required overtime was willful.

47. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the Commissioner of Labor deems material and necessary.

50. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

51. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars per work week that Defendants failed to provide Plaintiff with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

54. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

55. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each work week that Defendants failed to

provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Crystal Cleaners Inc. d/b/a Crystal Dry Cleaners and the Doe Defendants, jointly and severally, as follows:

(a) Damages for the unpaid overtime due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(b) Damages for unpaid overtime due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(c) Penalties of fifty dollars for each work week that Defendants failed to provide Plaintiff with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198;

(d) Penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars as provided for by NYLL, Article 6, § 198;

(e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(f) For prejudgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorneys' fees; and

      (h)  For such other further and different relief as this Court deems just and proper.

Dated: February 10, 2016
      New York, New York

      Respectfully submitted

      */s/ Jacob Aronauer*
      Jacob Aronauer (JA: 9184)
      **THE LAW OFFICES OF JACOB ARONAUER**
      225 Broadway, Suite 307
      New York, NY 10007
      Telephone:     (212) 323-6980
      Facsimile:     (212) 233-9238
      jaronauer@aronauerlaw.com